UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JEFFREY D. PERRY ET AL

CRIMINAL ACTION

NO. 13-057-JJB

**RULING ON PLAINTIFF'S MOTIONS TO OFFER EXTRINSIC EVIDENCE AND
DEFENDANTS' MOTION IN LIMINE**

This matter is before the court on two motions to offer "other acts" evidence, brought by the government (Docs. 186 and 320), and two motions in limine to exclude certain evidence (Docs. 152 and 325), brought by Jeffrey D. Perry (Perry) and Jermaine Chapman (Chapman). Charles Boyer (Boyer) opposed the government's motion during arguments, which were heard on August 25, 2014.

**Background**

United States v. Perry et al is a case brought against multiple defendants—including Jeffrey D. Perry, Jermaine Chapman, and Charles Boyer—alleging a conspiracy to traffic controlled substances. The second superseding indictment charges multiple counts, and these primarily center on crack cocaine. (Doc. 88).

I.      Jeffrey Perry

The government filed a motion to offer "other acts" concerning Perry. Specifically, the government wishes to offer evidence of two prior arrests and statements made by Perry demonstrating his guilt and intent to participate in the conspiracy. The first arrest involved a drug deal in a parking lot. There, an informant negotiated with the defendant and his co-conspirators to buy drugs. When the exchange occurred, police appeared and the defendant fled.

After he was caught and arrested, police discovered a duffel bag containing $300,000. Perry, after the incident, vowed to have the informant killed.

After losing the $300,000, Perry planned to rob a supplier. Along with several other defendants, including Boyer, he robbed the supplier at one of his "click," or drug, houses, taking $80,000.

The second arrest occurred after the police observed a hand-to-hand transaction. Police found a cereal box packed with cash and a plastic bag believed to contain marijuana. While in jail, Perry arranged to have Blaze Franklin killed because Perry believed Franklin cooperated with the police. Jonathan Johnson was to recant a story that he told police concerning a previous traffic stop where drugs were found while he, Perry, and others were returning from a drug run to Houston, and Jermaine Chapman was to take the fall for the other drug activities.

II.     Jermaine Chapman

The government seeks to offer evidence of a 2001 drug deal involving Chapman, Perry, and another conspirator, Darnell Dalton (Dalton).[1] This transaction occurred at a house known as "The Hole." The Hole is .02 miles away from two other houses used as "click" houses as charged in the second superseding indictment. The government further alleges that Chapman, Perry, and Dalton concealed cocaine at the residence on multiple occasions.

III.     Charles Boyer

In the government's motion to offer "other acts" against Perry, the government asserts that Boyer participated in the robbery of the supplier at one of Perry's "click" houses. Boyer did not file an opposition but did oppose the evidence at the hearing through his counsel.[2]

**Law**

---

[1] Dalton is now a cooperating witness for the government.
[2] Counsel waived Boyer's presence at the hearing.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, such evidence may be admissible for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2). In conspiracy cases, "other acts" may be admissible to aspects of the conspiracy, such as how the relationship developed or to illuminate the relationship among the conspiracy's members. See *United States v. Mercado*, 573 F.3d 138, 142 (2nd Cir. 2009); See also *United States v. Royal*, 972 F.2d 643, 647–48 (5th Cir. 1992).

When determining whether to admit "other acts" evidence, the court must make a "threshold inquiry" to determine if the proponent's evidence is relevant to an issue other than character. *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Relevancy of extrinsic evidence is evaluated under Rule 104(b) of the Federal Rules of Evidence and such evidence is relevant "only if the jury can reasonably conclude that the act occurred and the defendant was the actor." *Id.* at 689. Under Fed. R. Evid. 104(b), the court does not need to weigh credibility or make a finding that the government has proved extrinsic act evidence by a preponderance of the evidence. *Huddleston*, 485 U.S. at 690. Instead, after considering all of the evidence to be presented to the jury, the court must decide whether "the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.* at 690–91.

## Analysis

First, each "other act" must be relevant to show something other than conformity with a character trait. Second, it is necessary to establish that the government can meet the factual standard for each act.

I.     Relevance

A.  The 2009 arrest

The arrest and discovery of the $300,000 in cash is relevant to show knowledge of, and intent to participate in, the conspiracy for two reasons. First, the location, on Government Street, is geographically close to the locations of Perry's click houses listed in the indictment. Second, the arrest occurred in 2009, a period in the middle of the timeline (which begins in 2006) from the second superseding indictment.

The associated scheming alleged by the government also shows intent and knowledge. Perry's purported plan to murder Franklin demonstrates his knowledge of the conspiracy and the intent to avoid discovery. Similarly, the plan hatched with Chapman and others shows Perry's other attempts to avoid criminal liability for the conspiracy. By avoiding liability, then, Perry could continue the criminal conspiracy with little to no interruption.

B.  Robbery of the supplier

The robbery of the supplier is relevant to show participation in the conspiracy and a relationship of trust among the members. Perry and Boyer, among others, according to the government, set up the supplier. They lured the supplier to a click house under the guise of a cocaine deal and then took $80,000 from him. This demonstrates cooperation and understanding, as well as a common goal.

C.  Marijuana arrest

The marijuana arrest is relevant to show intent to participate in the conspiracy. Though marijuana and crack cocaine are different substances, the identity of the substance charged and the substance featured in the "other act" does not affect relevance. *United States v. Hitsman*, 604 F.2d 443, 448 (5th Cir. 1979). This arrest also occurred near various click houses referenced in

the indictment—roughly .3 miles away—and involved a large amount of cash. A previous instance of drug dealing, coupled with the close location, makes the arrest relevant as to intent.

D.  2001 drug activities

The drug activities that occurred around 2001 are relevant to show a relationship between the charged conspirators. Chapman, Perry, and Dalton, key players in the charged conspiracy, were all implicated by the government in this transaction. The location is also .02 miles away from several of the click houses identified in the indictment. Therefore, evidence of this transaction, even though it occurred 5 years prior to the beginning of the conspiracy outlined in the indictment, is relevant to show these aspects of the conspiracy.

II.     Factual standard

Regarding all "other acts" evidence, the government will offer testimony of witnesses and participants. For example, the government plans to have Eric Perry, Perry's brother, testify about the 2009 arrest. Dalton, a participant in the 2001 drug deals, will testify about those events. Given the testimony to be presented at trial, there is sufficient evidence that a reasonable jury could find that the acts occurred by a preponderance of the evidence.

<u>**Conclusion**</u>

For the reasons stated herein, the government's motions to offer extrinsic evidence (Docs. 186 and 320) are **GRANTED** and defendants' motions in limine (Docs. 152 and 325) are **DENIED**.


Signed in Baton Rouge, Louisiana, on September 2, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**